# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 20, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**EDWARD MARTIN JR.,**
**Claimant Below, Petitioner**

**vs.)   No. 12-0856** (BOR Appeal No. 2046990)
(Claim No. 2010135318)

**ALCAN ROLLED PRODUCTS – RAVENSWOOD, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Edward Martin Jr., by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alcan Rolled Products – Ravenswood, LLC, by H. Toney Stroud, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 29, 2012, in which the Board affirmed a February 29, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 14, 2010, decision holding the claim compensable on a non-medical basis not subject to the presumption of West Virginia Code § 23-4-8c(b) (2009) with a date of last exposure of April 7, 1996. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Martin began working for Alcan Rolled Products at the Ravenswood, West Virginia plant in January of 1995. Mr. Martin was moved to the casting department of the plant on April 8, 1996. After Mr. Martin had worked for Alcan Rolled Products for several years, Michael Ward, D.O., diagnosed him with occupational pneumoconiosis. Mr. Martin then filed an application for workers' compensation benefits based on exposure to the hazards of inhaling dross and aluminum dust while working for Alcan Rolled Products. Mr. Martin alleged that he

1

had been continuously exposed to this hazard from January of 1995 to May 20, 2010. On September 14, 2010, the claims administrator held Mr. Martin's claim compensable on a non-medical basis. The claims administrator found that Mr. Martin was not entitled to the presumption of West Virginia Code § 23-4-8c(b) (2009). The claims administrator also held that Mr. Martin was last exposed to the hazards of breathing abnormal quantities of dust on April 7, 1996. Following this decision, Mr. Martin testified by deposition that the dust was worse in the casting department than in other areas of the plant. Mr. Martin testified that there was dross and aluminum dust in the casting department and that he would frequently have to clean the dust off his safety glasses. Mr. Martin's case was then reviewed by Mike Merrifield, Alcan Rolled Products' industrial hygienist. Mr. Merrifield stated, in his affidavit, that he monitored dust and airborne particulate levels in the Ravenswood plant. He also stated that he performed testing in the casting department and took samples, which covered a variety of particulate matter. He stated that total dust and aluminum were tested and were within OSHA and industrial hygiene standards for permissible exposure levels. On February 29, 2012, the Office of Judges affirmed the claims administrator's decision. The Board of Review then affirmed the Order of the Office of Judges on June 29, 2012, leading Mr. Martin to appeal.

The Office of Judges concluded that Mr. Martin had sufficient exposure to the hazards of occupational pneumoconiosis to file his claim pursuant to West Virginia Code § 23-4-1 (2008) and that Mr. Martin's claim was timely filed pursuant to West Virginia Code § 23-4-15 (2010). But the Office of Judges also concluded that Mr. Martin did not have sufficient exposure to entitle him to the presumption of West Virginia Code § 23-4-8c(b). The Office of Judges found that Mr. Martin did not show that he had more than ten years of exposure to the hazards of occupational pneumoconiosis within fifteen years of the date of last exposure. The Office of Judges found that the claims administrator correctly set the date of last exposure as April 7, 1996. The Office of Judges found that the Alcan Rolled Products introduced evidence indicating that the levels of the substances to which Mr. Martin was exposed, including total dust, were well within the legal limit. The Office of Judges found that Alcan Rolled Products met its burden in showing that Mr. Martin was not exposed to abnormal levels of dust after he began working in the casting department. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the finding of the Office of Judges. Mr. Martin has not demonstrated that he is entitled to the presumption that his respiratory disability is occupationally related under West Virginia Code § 23-4-8c(b). Mr. Martin has not shown that he has been exposed to the hazards of inhaling minute particles of dust in the course of and resulting from his employment for a period of ten years during the fifteen years immediately preceding the date of his last exposure. The evidence in the record shows that Mr. Martin began working for Alcan Rolled Products in January of 1995. He was not exposed, however, to the hazards of occupational pneumoconiosis after he moved to the casting department. Although Mr. Martin has alleged that he was exposed to dust throughout his employment, his testimony is not sufficient to rebut the affidavit of Mr. Merrifield. Since Mr. Martin can only demonstrate that he was exposed to the hazards of occupational pneumoconiosis between January of 1995, and April 7, 1996, he does not meet the ten year requirement for the presumption.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 20, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II